TIMOTHY J. CAVAN
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Ave. N., Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
FAX: (406) 657-6058
Email: tim.cavan@usdoj.gov
ATTORNEY FOR UNITED STATES

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| DALE OSBORNE, as Personal Representative of the Estate of Sarah Osborne, KELLY OSBORNE, and DALE OSBORNE, individually,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>BILLINGS CLINIC,<br><br>　　　　Defendants/Third<br>　　　　Party Plaintiff,<br><br>　vs.<br><br>RIVERSTONE HEALTH CLINIC, d/b/a RIVERSTONE HEALTH; DR. CHRIS BAUMERT; DR. RYAN FARRIS; DR. TANYA HAMILTON; DR. ZACHARY MEYERS; AND DR. MATTHEW WESTMARK,<br><br>　　　　Third Party Defendants. | Cause CV 14-_____-BLG-____<br><br>UNITED STATES' NOTICE OF REMOVAL |

The United States of America, on behalf of the third-party defendants Rivertone Health Clinic, Dr. Chris Baumert, Dr. Ryan Farris, Dr. Tanya Hamilton, Dr. Zachary Meyers, and Dr. Matthew Westmark, respectfully notifies the Court and the parties that the above-captioned cause now pending in Montana Thirteenth Judicial District Court, Yellowstone County, Cause No. DV-14-0013, is removed therefrom to this Court under the provisions of 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2)

In support thereof, the United States advises the court as follows:

1.  Rivertone Health Clinic, Dr. Chris Baumert, Dr. Ryan Farris, Dr. Tanya Hamilton, Dr. Zachary Meyers, and Dr. Matthew Westmark are third-party defendants in the above referenced action.   No trial has been had in that action.   Copies of the complaint and third-party complaint are attached hereto as Exhibits A and B, respectively.

2.  The third-party complaint alleges claims against said third-party defendants for acts and/or omissions occurring on or about July 2012.   At the time of the incidents alleged in the complaint and third-party complaint, the third-party defendants were employees of Yellowstone City & County Health Department d/b/a/ Riverstone Health,

an entity receiving federal grant money from the United States Public Health Service pursuant to 42 U.S.C. §§ 254b, 254c, 256, or 256a. Pursuant to 42 U.S.C. § 233(g), the United States Department of Health and Human Services has deemed Yellowstone City & County Health Department d/b/a/ Riverstone Health and its employees who are physicians, to be employees of the federal government only for purposes of coverage under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.*, effective for acts and omissions on and after January 1, 2012.   (A copy of the notice of deeming action dated October 19, 2011 is attached hereto as Exhibit C).

   3.   The Attorney General of the United States, by the United States Attorney for the District of Montana, has certified, pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d), that Yellowstone City & County Health Department d/b/a/ Riverstone Health was an entity receiving federal grant money from the United States Public Health Service, pursuant to 42 U.S.C. §§ 254b, 254c, 256, or 256a , and that Rivertone Health Clinic, Dr. Chris Baumert, Dr. Ryan Farris, Dr. Tanya Hamilton, Dr. Zachary Meyers, and Dr. Matthew Westmark were acting within the scope of employment with Yellowstone City & County Health

Department d/b/a/ Riverstone Health at the time of the incidents alleged in the complaint, and that pursuant to 42 U.S.C. § 233(g), said third-party defendants are deemed to be employees of the United States for Federal Tort Claims Act purposes only, for any acts or omissions that occurred on or after January 1, 2012.

4. Both 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) provide that upon certification by the Attorney General, any civil action or proceeding commenced in state court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place in which the action or proceeding is pending, and that the action or proceeding shall be deemed to be an action or proceeding against the United States under the provisions of Title 28.

5. The above-captioned action is one which may be removed without bond to this Court, pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c), for the reason that the third-party plaintiff seeks contribution and judgment for damages allegedly resulting from acts or omissions by the third-party defendants while they were acting within the scope of their employment as physicians.  Remedy by suit within the

meaning of 28 U.S.C. § 2679(b) is, therefore, available to the plaintiffs against the United States.

6.  This petition for removal is further predicated on the following federal defenses:

   a)  The third-party defendants are entitled to enjoy individual immunity from suit under the Federal Tort Claims Act.  28 U.S.C. § 2679(b)(1).  Immunity is a federal defense which provides a basis for removal of this action from state court to this Court, pursuant to 28 U.S.C. § 1442(a)(1).  Mesa v. California, 489 U.S. 121, 133 (1989).

   b)  Because the action complained of arose out of the third-party defendants employment with Yellowstone City & County Health Department d/b/a/ Riverstone Health, the third-party defendants are entitled to have the United States of America substituted as the party defendant, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988.   26 U.S.C. § 2679.

7.  The certification by the United States Attorney, pursuant to 28 U.S.C. § 2679(d)(1)&(2) and 42 U.S.C. § 233(c), that said third-party defendants were acting within the scope of their employment at the time of the alleged occurrence is filed contemporaneously herewith.

WHEREFORE, the United States, on behalf of the third-party defendants, removes the above-captioned action now pending in Montana Thirteenth Judicial Court, Yellowstone County, to this Court, and that to the extent contribution and a judgment for damages are sought against the third-party defendants, prays that the action be deemed a tort action against the United States under the provisions of 28 U.S.C. § 1346(b).

**DATED** this 16th day of September, 2014.

**MICHAEL W. COTTER**
**United States Attorney**


**/s/ Timothy J. Cavan**
**Assistant U. S. Attorney**
**Attorney for United States**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2014, a copy of the foregoing document was served on the following persons by the following means:

|   |   |
|---|---|
| __1__ | CM/ECF |
|       | Hand Delivery |
| __2-3__ | U.S. Mail |
|       | Overnight Delivery Service |
|       | Fax |
|       | E-Mail |

1. Clerk of Court

2. Elizabeth Best
   BEST LAW OFFICES, P.C.
   P.O. Box 2114
   Great Falls, MT 59403-2114
   406/452-2933 – phone
   406/205-7970 – fax
   bestlawoffices@gmail.com
   *Attorney for Plaintiffs*

3. Lisa A. Speare
   William J. Speare
   SPEARE LAW FIRM, P.C.
   644 Grand Ave., Suite 4
   P.O. Box 21220
   Billings, MT   59104-1220
   406/294-1294 – phone
   406/294-1295 – fax
   lspeare@spearelaw.com
   *Attorneys for Billings Clinic*

                                              **/s/ Timothy J. Cavan**
                                              **Assistant U. S. Attorney**
                                              **Attorney for United States**