IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
DEC - 1 2014
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| DALE OSBORNE, as Personal Representative of the Estate of Sarah Osborne,<br><br>        Plaintiff,<br><br>vs.<br><br>BILLINGS CLINIC, and UNITED STATES OF AMERICA,<br><br>        Defendants. | CV 14-126-BLG-SPW<br><br>OPINION and ORDER |
| BILLINGS CLINIC,<br><br>        Cross-Claimant,<br><br>Vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Cross-Defendant. | |

Before this Court is Plaintiff Dale Osborne's motion to compel discovery, (Doc. 16), wherein he requests this Court compel Defendant Billings Clinic to answer prior discovery requests, order judgment on liability, deem Request for Admission No. 3 admitted, all documents compelled admissible at trial and award

1

attorneys' fees and costs. Defendant Billings Clinic argues that Osborne's motion is premature. For the reasons set forth below, this Court denies Osborne's motion to compel in its entirety.

## I. Background

In July 2012, Sarah Osborne died after she had been admitted to Billings Clinic. (Doc. 9 at 2-4). Dale Osborne ("Osborne"), as personal representative of Sarah's estate, brought this action against Billings Clinic in Montana State District Court ("State Court"). (Doc. 9). Osborne served his first discovery requests on the Billings Clinic on February 4, 2014. (Doc. 17 at 8). Billings Clinic moved for a protective order seeking to prevent the disclosure of internal policies on March 14, 2014. (Doc. 8-1 at 11). The State Court granted this request. (Doc. 17 at 4). After conducting a hearing on the motion to compel in July, the State Court failed to rule on the motion. (*Id.* at 10). Approximately a week later, Osborne moved to compel Billings Clinic's discovery responses. (Doc 8-1). Counsel continued to confer over the discovery requests, but Billings Clinic did not provide any responses.

On August 7, 2014, Billings Clinic filed a Third-Party Complaint against Riverstone Health Clinic and its doctors ("Riverstone") who participated in Sarah Osborne's care. (Doc. 10). On August 18, 2014, Osborne served his second discovery requests on the Billings Clinic. (Doc. 17-9). On September 16, 2014,

2

Riverstone removed the case to this Court. (Doc. 1). The United States was substituted for Riverstone and its associated doctors, so Osborne amended his complaint to include a claim against the United States and dismissed individual plaintiffs Kelly and Dale Osborne. (Doc. 19).

Osborne has now essentially renewed his motion to compel discovery that he originally brought in State Court. In response, Billings Clinic argues that the motion is premature.

## II. Analysis

The issue is whether Billings Clinic must answer discovery requests served in state court prior to the removal to federal court. Generally, "[a]fter removal, the federal court takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974) (internal citation omitted). "All injunctions, orders, and other proceedings" before the state court remain binding in the federal court until they are dissolved or modified. 28 U.S.C. § 1450. Pursuant to Local Rule 3.3(a), all pending motions before the state court are automatically terminated upon removal but may be refiled in this Court. After removal, the Federal Rules of Civil Procedure apply to all subsequent proceedings. Fed. R. Civ. P. 81(c). Typically, in federal court a party cannot seek discovery until the Rule 26(f)

3

conference, unless the parties stipulate to commencing discovery or the court allows discovery. Fed. R. Civ. P. 26(d)(1).

This Court could not find any Ninth Circuit decisions on point. However, the "vast majority of courts" to have addressed this issue concluded that "requests served in a state case need not be answered once the case is removed to federal court, if the deadline to answer those requests did not lapse before removal." *Steen v. Garrett*, No. 2:12-CV-1662-DCN, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013). Discovery requests served in state court are not held in abeyance pending the Rule 26(f) conference. *Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005). Rather, the discovery requests are "null and ineffective" after removal to federal court. *Steen* at *3.

Faced with similar facts, the United States District Court for the District of Eastern Washington concluded that discovery requests served while the case was in state court are no longer viable after removal. *Sterling Sav. Bank v. Fed. Ins. Co.*, No. CV-12-0368-LRS, 2012 WL 3143909 (E.D. Wash. Aug. 1, 2012). In *Sterling Sav. Bank*, the plaintiff brought suit in state court and served discovery requests upon the defendant. *Id.* at *1. Before the time for responding to the discovery requests had run, the defendant removed the case to federal court. *Id.* About a month after removal, the defendant moved for a protective order related to

the state discovery requests. *Id.* The plaintiff filed a competing Motion to Compel. *Id.*

The Court held that the plaintiff's discovery requests filed in state court were no longer binding in federal court. *Id.* at *2. The discovery requests were not "proceedings" under 28 U.S.C. § 1450, and therefore they were "nullified" upon removal. *Id.* Therefore, the Court denied both motions as moot and ordered the parties to proceed with a Rule 26(f) conference and submit a discovery plan that would be binding going forward. *Id.* at *3.

The same result is appropriate here. The Billings Clinic responded to the first discovery requests in State Court. Based on perceived inadequacies in the responses, Osborne filed a Motion to Compel in State Court. *See* Doc. 8-2 at 1-19. Osborne's second discovery requests were served on August 18, 2014. Before Billings Clinic had to respond, *see* Mont. R. Civ. P. 34(b)(2)(A), Riverstone removed the case. Like in *Sterling Sav. Bank*, the discovery requests were nullified upon removal.

The Federal Rules of Civil Procedure govern further proceedings. This Court will not determine whether Billings Clinic's responses to the first discovery requests complied with the Montana Rules of Civil Procedure. Further, Fed. R. Civ. P. 26(d) relieves the Billings Clinic of the duty to respond to the second discovery requests. *See Riley*, 233 F.R.D. at 499 (Rule 26(d)'s purpose to promote

efficient discovery. "Allowing uncompleted state court discovery to remain 'live' after removal would not serve, and might well undermine, this purpose.").

## III. Conclusion

For reasons state above, Osborne's Motion to Compel (Doc. 16) is DENIED.

DATED this 1st day of December 2014.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge