IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| DALE OSBORNE, as Personal Representative of the Estate of Sarah Osborne,<br><br>Plaintiff,<br><br>vs.<br><br>BILLINGS CLINIC, and UNITED STATES OF AMERICA,<br><br>Defendants. | CV 14-126-BLG-SPW<br><br>OPINION and ORDER |
| BILLINGS CLINIC,<br><br>Cross-Claimant,<br><br>Vs.<br><br>UNITED STATES OF AMERICA,<br><br>Cross-Defendant. | |

FILED
JAN 1 2 2015
Clerk, U S District Court
District Of Montana
Billings

## I. Introduction

This matter is before the Court on Plaintiff Dale Osborne's Motion for Court's Order Permitting More than Ten Depositions and Setting Depositions of Billings Clinic Agents and Employees (Doc. 34). Osborne seeks permission to

1

expand the number of allowed depositions beyond the limit of ten imposed by Fed. R. Civ. P. 30. He contends that this enlargement is necessary to depose "Billings Clinic Rule 30(b)(6) designee(s) and witnesses who were involved in the care and treatment of Sarah . . . and others who cared for her or have knowledge of facts relating to her care . . . [and] likely additional depositions of witnesses with knowledge." (Doc. 35 at 2). Osborne also moves the Court to schedule fifteen depositions. (Doc. 35 at 10). For the reasons set forth below, the Court denies this motion.

## II. Discussion

This matter arises out of Sarah Osborne's death after being admitted to Billings Clinic in July 2012. (Doc. 9 at 2-4). Osborne filed this tort action in state court against Billings Clinic. (Doc. 9). Billings Clinic filed a Third-Party Complaint in August 2014 against Riverstone Health Clinic and its doctors ("Riverstone") who participated in Sarah Osborne's care. (Doc. 10). Riverstone removed the case to this Court. (Doc. 1). The Preliminary Pretrial Conference took place on December 4, 2014 and this Court issued its Scheduling Order the next day. (Doc. 33). Osborne filed the instant motion fourteen days later. (Doc. 34). Pursuant to the Scheduling Order, the deadline for parties to complete discovery is October 4, 2015. (Doc. 33 at 2). No depositions have taken place. (Doc. 35 at 3-7).

As a preliminary matter, Osborne argues that he "repeatedly conferred, pursuant to Rule 7.1 of the Local District Rules" about the need for depositions, (Doc. 34 at 2). Billings Clinic "does not agree that counsel for Plaintiff 'has repeatedly conferred, pursuant to Rule 7.1' because, Billings Clinic argues, Osborne "never specifically conferred regarding the setting of the depositions or the need for more than ten depositions." (Doc. 37 at 8).

Local Rule 7.1 governs motions. The only applicable requirement therein that could possibly apply is D. Mont. L. R. 7.1(c)(1), which is the requirement that the moving party note in the motion whether the motion is opposed. This requirement has been obviously satisfied, and then some. Compliance with Local Rule 26.3(c)(1), on the other hand, is in question. Local Rule 26.3(c)(1) specifically states:

> "The Court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed. The mere sending of a written, electronic, or voice-mail communication does not satisfy this requirement. Rather, this requirement can be satisfied only through direct dialogue and discussion in a face-to-face meeting, in a telephone conversation, or in detailed, comprehensive correspondence."

The filings before this Court confirm that the parties failed to satisfy this requirement altogether. After reviewing the extensive correspondence submitted with respect to this motion, the Court is not convinced that Billings Clinic or the United States ever raised an objection to Osborne taking over ten depositions. Although Billings Clinic voiced concern about "unlimited depositions," it

3

suggested the parties could "reach an agreement to go beyond th[e] limit." (Doc. 35-15). Nevertheless, this motion was filed two days later, apparently without any more discussion between the parties. Defendants' responses to this motion confirmed there is no issue with respect to Osborne exceeding the ten-deposition limit. (*See* Doc. 37 at 5 stating "Billings Clinic does not object to Plaintiff taking more than 10 depositions in this case[.]"; *see also* Doc. 36 at 3 stating: "the plaintiff should certainly be allowed to take the depositions which are necessary . . . regardless of whether this results in taking more than 10 depositions."). The plain language of the rule states that sending demand after demand is insufficient to satisfy Rule 26.3(c)(1) because demands are not dialogue. Had the parties engaged in a dialogue, this motion would have likely not been filed.

The parties' arguments about Rule 7.1 rather than Rule 26.3(c)(1) underscores an issue this Court would like to address, very early as it turns out, in this case. That is, precise compliance with, and attention to, the rules – local, procedural, civil and professional. The Court expects both as to all. In this case, the pending request is procedurally deficient, because there is no evidence that any direct dialogue about exceeding the ten-deposition limit or the scheduling of depositions occurred. The motion is substantively deficient as well.

A party may take up to ten depositions without obtaining leave of the court. Fed.R.Civ.P. 30(a)(2)(A). The party seeking leave to take more than ten

4

depositions will be granted such leave if the request is consistent with Rule 26(b)(2). Under Rule 26(b)(2) the Court will consider whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking in to account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2). Rule 30(a)(2)(A) contemplates that a party has already taken ten depositions before filing a motion seeking leave of court for more than ten depositions. To that end, courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A). Then, a party seeking to exceed the ten deposition limit must make a particularized showing of why the extra depositions are necessary. *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir.1996); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D.Minn.1999)(a party should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others); *Whittingham v. Amherst College*, 163 F.R.D. 170, 171 (D.Mass.1995) (a similar local rule

5

"requires a party to exhaust available discovery before seeking leave for additional discovery events").

It is, therefore, impossible for Osborne to make the particularized showing for extra depositions over the ten-deposition limit in this case because, to date, he has not yet taken even one.[1] Osborne states that the fifteen depositions he seeks to have the Court set will provide a "workable start[.]" (Doc. 35-1). His request anticipates that he will need to depose every Billings Clinic employee with "knowledge" of Sarah's care thus extensive discovery and additional depositions will be required. (Doc. 35 at 9-10). That may or may not turn out to be the case. But the Court will not entertain a premature motion to exceed the standard number of depositions based upon what is speculation and conjecture (and fails to provide even a number of depositions requested) even if it is reasonably informed and asserted in good faith as is the case here.

It is important for all parties to understand that prior to taking any deposition they must always assess whether or not a deposition of that witness is truly necessary, based in part upon the time and expense that even a single deposition incurs for all parties involved. Parties must also take into account the standard ten deposition limit in making that assessment. Only after that process is finished will

---

[1] This Court acknowledges that this is not for Osborne's lack of trying. Although discovery has technically just begun in this federal action, it does not exist, and the Court does not perceive it, in a vacuum. Should any party attempt to stonewall or delay discovery proceedings in violation of the rules, they should expect to face sanctions from this Court.

6

the parties truly appreciate whether additional discovery, as contemplated in Osborne's request, will be absolutely necessary to justify a motion for leave under Rule 30(a)(2)(A). That process has clearly not been exhausted in this case.

That said, Osborne's motion permitting more than ten depositions is denied but without prejudice to future renewal because Osborne may be able to show at a later date, but prior to the amended discovery cutoff, that he can demonstrate good cause to take additional depositions beyond the normal limit. If Osborne feels compelled to make this request again, he will have to justify the necessity of taking each and every one of the completed depositions that it is permitted under the rule. Additionally, the Court reminds the parties that they are free to take additional depositions or depositions beyond the cutoff date but only through their mutual agreement. Osborne's request that the Court set depositions of Billings Clinic Agents and Employees is likewise denied. Discovery has been open less than a month. The parties can schedule their own depositions.

### III. Conclusion

For reasons state above, Osborne's Motion (Doc. 34) is DENIED.

DATED this 12th day of January 2015.

SUSAN P. WATTERS
United States District Judge

7