IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| DALE OSBORNE, as Personal Representative of the Estate of Sarah Osborne,<br><br>Plaintiff,<br><br>vs.<br><br>BILLINGS CLINIC, and UNITED STATES OF AMERICA,<br><br>Defendants. | CV 14-126-BLG-SPW<br><br>OPINION and ORDER |
| BILLINGS CLINIC,<br><br>Cross-Claimant,<br><br>Vs.<br><br>UNITED STATES OF AMERICA,<br><br>Cross-Defendant. | |

Defendant Billings Clinic has moved for a protective order (Doc. 44) to protect the policies and procedures requested in discovery by Plaintiff Dale Osborne from disclosure to the public. (Doc. 44-1 at 3). Because a state court order already exists on this issue, Billings Clinic's motion is denied.

1

## I. Relevant Facts

Osborne initiated this action against defendant Billings Clinic on January 6, 2014, in Montana State Thirteenth Judicial District Court, Yellowstone County. (Doc. 9). On March 14, 2014, Billings Clinic moved the state court for a protective order regarding the same policies at issue in the current motion before this Court. (Doc. 8-1 at 11). The parties briefed the issue for the state court relying, for the most part, on identical arguments they briefed to this Court. (Doc. 8-1 at 34-217). Notably, in his reply, Osborne pointed out that the Montana Rules of Civil Procedure, like the Federal Rules of Civil Procedure, required Billings Clinic to prove "good cause" existed for a protective order to issue. (Doc. 8-1 at 43). The state court found good cause existed and granted Billings Clinic's motion for protective order on June 23, 2014. (Doc. 12-5). Billings Clinic removed this case to this Court on September 16, 2014. (Doc. 1).

## II. Discussion

After removal of an action to federal district court, "the federal court takes the case up where the state court left it off." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974) (internal citation omitted). "All injunctions, orders, and other proceedings" before the state court remain binding in the federal court until they are dissolved or modified. 28 U.S.C. § 1450. "The federal court ... treats

2

everything that occurred in the state court as if it had taken place in federal court." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 887 (9th Cir.2010) (citing *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir.1963)). Accordingly, where the state court has entered an order, the order should be treated as though it had been validly rendered in the federal proceeding." *Id.* (quoting *Butner*, 324 F.2d at 785).

Here, the presiding judge in the state action already granted Billings Clinic's identical motion for protective order regarding its policies. Because this order was in effect at the time this case was removed and the order has not been dissolved or modified, it is binding and "remains in full force and effect." 28 U.S.C. § 1450. Accordingly, Billings Clinic's Motion for Protective Order (Doc. 44) is DENIED as moot. Further, Plaintiff Osborne's Motion for Leave to File Under Seal Billings Clinic Policies (Doc. 51) filed to supplement Plaintiff's response brief on this issue is also DENIED as moot.

DATED this 27th day of February 2015.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

3