IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DALE OSBORNE, as Personal Representative of the Estate of Sarah Osborne, <br><br> Plaintiff, <br><br> vs. <br><br> BILLINGS CLINIC, and UNITED STATES OF AMERICA, <br><br> Defendants. | CV 14-126-BLG-SPW <br><br> OPINION and ORDER |
| BILLINGS CLINIC, <br><br> Cross-Claimant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Cross-Defendant. | |

Before this Court is Plaintiff Dale Osborne's Motion for Court Order Lifting Any Restrictions on Sharing Depositions and Fruits of Discovery, (Doc. 49), where he requests this Court invalidate a historical agreement between Billings Clinic and another plaintiff's counsel to allow Osborne to obtain depositions and fruits of

1

discovery from a "substantially similar case." (*See* Doc. 50). After reviewing the briefs and submissions, this Court denies Osborne's motion for the reasons set forth below.

I.  **Discussion**

Osborne's counsel recently learned about *Estate of Rachael Hansen v. Billings Clinic*, DV-11-1160, a case that Osborne contends is "substantially similar" to his case against Billings Clinic. (Doc. 50 at 2). Because of the similarities, Osborne requests that this Court permit plaintiff's counsel in *Hansen*, Craig Daue, to share depositions and fruits of discovery from *Hansen* with Osborne. The problem is that Daue entered into a written agreement with Billings Clinic and agreed to keep documents disclosed by Billings Clinic in discovery during the *Hansen* case confidential. (Doc. 50-1 at 8-9). While Daue is willing to break the agreement, Billings Clinic isn't, and opposes sharing Billings Clinic's documents or "other fruits of discovery" that counsel in *Hansen* agreed to keep confidential. (Doc. 61 at 2).

In support of his motion, Osborne provides the Court with an affidavit of Daue's thoughts on the matter, (Doc. 50-1), as well as cases that demonstrate the public policy and the judiciary's endorsement of information sharing in discovery among counsel. (*See gen.* Docs. 50 and 64). With all due respect to Mr. Daue, his

2

thoughts do not provide this Court with a legal basis to rule. Likewise, none of the cases provided by Osborne address the current situation before the Court.

Osborne's first argument is that Daue should be allowed to break the confidentiality agreement with Billings Clinic because "information sharing among plaintiff's counsel has been widely endorsed by the judiciary." (Doc. 50 at 6). Osborne pointed this Court to a number of cases where attorney collaboration and discovery sharing had been sanctioned by various courts. (*Id.*) Most of the cases simply analyzed whether a protective order was warranted. *See Wilk v. American Medical Ass'n*, 635 F.2d 1295 (7th Cir. 1980); *Ward v. Ford Motor Co.*, 93 F.R.D. 579, 580 (D. Colo. 1982); *United States v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421 (W.D.N.Y. 1981); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 154 (W.D.Tex.1980), *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 33 (S.D.N.Y. 1970). None of the cases dealt with an out-of-case confidentiality agreement.

Osborne next points the Court to cases holding that blanket protective orders waste resources and discourage lawsuits. (Doc. 50 at 7). Daue's agreement with Billings Clinic was not a blanket protective order so those cases are not applicable. Finally, Osborne points the Court to cases holding that collaboration between attorneys promotes speedy and less expensive resolution of cases. (*Id.*). While this Court agrees with that general proposition, the cases Osborne cited provide no authority to invalidate a confidentiality agreement between parties not before the

Court. Perhaps that's not surprising. If courts routinely extended their jurisdiction to invalidate discovery agreements entered in other cases, it would likely discourage parties from entering those agreements – and thus facilitating discovery in the other case – in the first place.

But the Court need not decide here whether it actually has the authority to invalidate the *Hansen* confidentiality agreement. This is not a case where a current party is seeking information that it could only get by obtaining information produced in another case. It is not even a case where doing so is noticeably more efficient. Billings Clinic, a party to the confidentiality agreement in *Hansen*, is also a party to this case. And it is Billings Clinic's information, not some third party's, that Osborne seeks to obtain. Thus, there simply is no reason to engage in motions practice or wrestle with the difficult question of invalidating an otherwise enforceable confidentiality agreement entered in other litigation. If Osborne wants to obtain information from Billings Clinic, he may seek it using the appropriate discovery channels available to him in this case under the Federal Rules of Civil Procedure. If there is a valid dispute about whether the information should be kept confidential in *this* case, the Court will consider that dispute when it arises.

## II. Conclusion

For reasons state above, Billings Clinic's Motion for Court Order Lifting Any Restrictions on Sharing Depositions and Fruits of Discovery (Doc. 50) is DENIED.

DATED this 9th day of March 2015.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge

5