IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
APR 1 3 2015
Clerk, U S District Court
District Of Montana
Billings

DALE OSBORNE, as Personal Representative of the Estate of Sarah Osborne,

    Plaintiff,

vs.

BILLINGS CLINIC, and UNITED STATES OF AMERICA,

    Defendants.

---

BILLINGS CLINIC,

    Cross-Claimant,

Vs.

UNITED STATES OF AMERICA,

    Cross-Defendant.

CV 14-126-BLG-SPW

OPINION and ORDER

Before this Court is Plaintiff Dale Osborne's third motion to compel discovery. (Doc. 79) He requests that the Court compel Billings Clinic's responses to a number of discovery requests, issue sanctions, and award attorneys'

1

fees and costs. Osborne's motion is denied based on counsel's failure to meet and confer.

I. **Discussion**

In his third motion to compel, Osborne sought further responses to his First Discovery Requests, or for an order deeming those Requests admitted. There has been no showing, however, that Osborne met and conferred in good faith prior to filing the motion to compel.

To put this order in perspective, this case was transferred from state court to this Court on September 16, 2014. A Pretrial Scheduling Order, setting a discovery deadline of October 4, 2015, has been in place since December 5, 2014. To date, this Court has issued six substantive orders, five of which have dealt with discovery motions. Currently pending are two additional motions for protective orders, (docs. 68 and 85), this motion to compel, a renewed motion to be allowed more than ten depositions, (doc. 93), and two motions to supplement Osborne's briefing on two of the above motions (docs. 95 and 97).

As this Court noted in its January 12, 2015 Order, counsel are required to meet and confer in good faith prior to filing a discovery motion. (Doc. 45); *see also* Fed. R. Civ. P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

court action); *see also* D. Mont. L. R. 26.3(c)(1) ("The Court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed.") The meet and confer requirement is specific and requires "direct dialogue and discussion." *Id.* ("The mere sending of a written, electronic, or voice-mail communication does not satisfy this requirement. Rather, this requirement can be satisfied only through direct dialogue and discussion in a face-to-face meeting, in a telephone conversation, or in detailed, comprehensive correspondence.")

These rules exist for a reason. Namely, the parties are required to meet and confer "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of discovery disputes." *Harter v. CPS Sec. (USA), Inc.*, 2013 WL 4040090 (D. Nev. Aug. 5, 2013) (quoting *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev. 1993)). Also, the meet-and-confer obligations "promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Id.* For the meet and confer obligations to serve their purpose, "the parties [must] treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id.* In order to accomplish this,

> "[t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during

3

> informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be "a sincere effort" to resolve the matter.

*Id.* Judicial intervention should only occur when either informal negotiations have reached an impasse on the substantive issues in dispute, or one party has acted in bad faith by either refusing to negotiate or provide specific support for its claims. *Id.*

Here, on February 4, 2015, Osborne sent a six page letter complaining about virtually every one of Billings Clinic's responses to his first requests for production. (Doc. 80-1). Billings Clinic's counsel responded on Feb. 20, 2015, a Friday, to let Osborne's counsel know that she had been traveling but would respond to the discovery "next week." (Doc. 80-2). Four days later, on the following Tuesday, Osborne's counsel sent a letter threatening a motion to compel if responses are not received within two days. (Doc. 80-3).

Osborne's counsel's conduct does not demonstrate a good faith attempt to meet and confer. Sending one demand letter and one follow up letter with a threat to file a motion to compel does not constitute a good faith attempt at a "dialogue." It does not even meet the standard for common courtesy.

The docket for this case lists two attorneys for Billings Clinic in this matter, yet it appears that Osborne did not attempt to contact the other attorney outside

4

these two letters in any effort to meet and confer when notified that one had been out of the office. Nor does it appear that Osborne attempted to even get defense counsel on the phone about the issues or discuss with their assistants when they may be available. There is no requirement that Osborne go to extraordinary lengths to meet and confer; in this case however, where Osborne filed this motion to compel just days after his second letter does not satisfy the basic meet and confer requirement. This Court informed the parties that it would deny motions that violate the Local Rules in its January 12, 2015, Order. (Doc. 45). So far, the parties have apparently failed to heed this warning. The Court urges them to do so from now on.

Accordingly, Osborne's third motion to compel (Doc.79) is DENIED without prejudice. As a result, Osborne's Motion to Supplement Pursuant to L.R. 15.1, Plaintiff's Reply Brief in Support of Third Motion to Compel Discovery (Doc. 97) is also DENIED as MOOT.

The parties shall engage in a meaningful meet and confer about these discovery disputes and, if any of these disputes remain, Osborne may re-file his third motion to compel. At that time, counsel should be prepared to present evidence of specific compliance with the meet and confer rule. Sanctions and attorney's fees are denied.

DATED this 13th day of April 2015.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge