IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



**FILED**

JAN 1 4 2016

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| DALE OSBORNE, as Personal Representative of the Estate of Sarah Osborne, | CV 14-126-BLG-SPW |
| Plaintiff, | ORDER |
| vs. | |
| BILLINGS CLINIC, and UNITED STATES OF AMERICA, | |
| Defendants. | |

Pending before the Court is Plaintiff Dale Osborne's motion to remand. (Doc. 223).  Osborne argues that the Court no longer has original jurisdiction over the issues involved, should decline supplemental jurisdiction, and remand this matter back to state court.  Billings Clinic opposes the motion.  For the reasons set forth below, the Court GRANTS Osborne's motion and remands the case to the Montana Thirteenth Judicial District Court.

## I.     Background

In July 2012, Sarah Osborne died after she had been admitted to Billings Clinic.  (Doc. 9 at 2-4).  Dale Osborne ("Osborne"), as personal representative of Sarah's estate, brought this action against Billings Clinic in Montana State District

1

Court ("State Court").  (Doc. 9).  On August 7, 2014, Billings Clinic filed a Third-Party Complaint against Riverstone Health Clinic and its doctors ("Riverstone") who participated in Sarah Osborne's care.  (Doc. 10).  On September 16, 2014, Riverstone removed the case to this Court.  (Doc. 1).

The United States was substituted for Riverstone and its associated doctors, so on October 28, 2014, Osborne amended his complaint to include a claim against the United States and dismissed individual plaintiffs Kelly and Dale Osborne. (Doc. 19).  On January 9, 2015, Osborne amended his complaint a second time to include a Consumer Protection Act claim.  (Doc. 43).  Billings Clinic and the United States (referred to collectively as "Defendants") filed their Answers to Osborne's second amended complaint. (Doc. 53, 54).  Osborne settled with the United States in October last year.  (Doc. 186).  Accordingly, the caption has been amended to reflect the United States' dismissal (doc. 222) and a stipulation for dismissal was filed on January 13, 2015.  (Doc 228).  Discovery is closed and motions have been submitted.  A trial date has not yet been set.

## II.    Discussion

Generally, the propriety of removal jurisdiction is determined at the time of removal, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939), and "a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings,"

2

*Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986).  However, federal courts have the discretion to remand remaining pendent state law claims when retaining jurisdiction would be inappropriate.  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in 28 U.S.C. § 1367(c).").

The district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).  Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors ... including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

In exercising its discretion, the Court must consider whether retaining or declining jurisdiction will best accommodate "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).  The United States Supreme

3

Court has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri*, 114 F.3d at 1001 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Harrell v, 20ᵗʰ Century Ins. Co*, 934 F.2d 203, 205 (9th Cir. 1991) (holding that in the usual case "it is generally preferable for a district court to remand remaining pendent claims to state court"). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

With the United States' dismissal from the case, the Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Osborne's argument regarding the statutory limit on medical malpractice awards raises at least one "novel or complex issue of state law" under § 1367(c)(1), a determination for which the state court is uniquely suited. Osborne's remaining claims all arise under Montana law and involve matters solely of state and local concern. (*See* Doc. 43, Second Amend. Compl.). Because state courts have a strong interest in enforcing their own laws, *see Cohill*, 484 U.S. at 352, the value of comity is served by this Court declining jurisdiction.

Further, resuming the litigation in state court would not be wasteful or duplicative because, aside from resolving numerous discovery disputes, the Court has not delved into the merits of the case. To date, this Court has only addressed and ruled on one substantive motion, which was denied as unripe. Although a number of motions are pending before this Court, none have been ruled on and can easily be transferred to state court.

## III.   Conclusion

In summary, the Court finds that the concerns of economy, convenience, and comity would be served by returning this action to state court.

IT IS THEREFORE ORDERED that Osborne's motion (doc. 223) is GRANTED and this case is REMANDED to the Montana Thirteenth Judicial District Court, Yellowstone County.

DATED this _14th_ day of January 2016.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge